UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GLENNY RODRIGUEZ and WILLIAM HERNANDEZ,
Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. SOHILLA ALI [TAX REG. #978358], and JOHN DOE AND JANE DOE #1-5 (the names John and Jane Doe being fictitious, as the true names are presently unknown),
Defendants.
--------------------------------------------------------------------X

Case No. 26 CV 1757

**COMPLAINT**

JURY DEMAND

Plaintiffs, GLENNY RODRIGUEZ and WILLIAM HERNANDEZ, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Sohilla Ali [Tax Reg. #978358], and John Doe and Jane Doe #1-5 (collectively, "Defendants"), respectfully allege as follows:

NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiffs timely made and served their respective notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice(s) of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7. Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

8. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10. Defendant P.O. Sohilla Ali [Tax Reg. #978358] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

11. Defendants John Doe and Jane Doe #1-5 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12. Defendants Ali and John Doe and Jane Doe #1-5 are collectively referred to herein as "defendant officers".

13. At all times material to this Complaint, the defendant officers acted towards plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about March 23, 2025, at approximately 5:30 p.m., defendant officers, acting in concert, illegally searched and seized and/or arrested the plaintiffs without cause at or close to 470 Powell Street, Brooklyn, New York, and charged plaintiffs with various crimes.

15. Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16. Prior to the arrest, the plaintiffs were sitting inside Ms. Rodriguez's vehicle when defendant officers approached them and proceeded to physically assault Ms. Rodriguez causing her to sustain serious injuries.

17. Defendant officers tightly handcuffed Ms. Rodriguez and forcibly dragged her to their police vehicle while pulling and exerting unnecessary pressure on the tight handcuffs.

18. Defendant officers threatened Mr. Hernandez with physical harm.

19. Plaintiffs were eventually transported to NYPD-73rd Precinct.

20. Defendant officers subjected the plaintiffs to an illegal search at the precinct.

21. Defendant officers' illegal and unreasonable search of the plaintiffs did not yield any contraband.

22. Nonetheless, defendant officers continued to detain the plaintiffs at the precinct.

23. Ms. Rodriguez requested defendant officers to transport her to the hospital for treatment of her injuries.

24. Defendant officers refused Ms. Rodriguez's entreaties.

25. After detaining the plaintiffs at the precinct for a lengthy period of time, defendant officers caused multiple legal processes to issue against the plaintiffs requiring the plaintiffs to appear in court to defend the false charge(s) levied against them.

26. On or about April 10, 2025, plaintiffs appeared in the criminal court as they were directed but were informed that the false charge(s) levied against them were dismissed as legally insufficient.

27. Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

28. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

29. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

30. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

31. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. The conduct of defendant officers, as described herein, amounted to false arrest.

33. Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

34. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

35. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. The conduct of defendant officers, as described herein, amounted to excessive use of force.

37. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

38. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

39. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. Defendant officers unlawfully assaulted the plaintiffs.

41. Defendant officers did not have any reasonable grounds to believe that the plaintiffs were engaged (or had planned to engage) in any criminal activity.

42. Defendant officers by their conduct as described herein subjected plaintiffs to unlawful stop & frisk and unreasonable search & seizure.

43. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

44. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

45. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. Defendant officers forwarded to the prosecutors their falsified records and statements.

47. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

48. Plaintiffs were required to appear in court to defend the false charges levied against them with malice by defendants.

49. Because of the conduct of the defendants, plaintiffs were maliciously prosecuted.

50. Eventually, the criminal proceedings terminated in plaintiffs' favor.

51. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

52. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

53. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the Stephens defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

54. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. Defendant officers manufactured evidence of criminality against the plaintiffs likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiffs.

56. The plaintiffs were deprived of their liberty as a result.

57. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

58. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

59. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

60. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. Defendant officers denied Ms. Rodriguez's request for medical treatment and did so because of their deliberate indifference to her need for medical treatment and/or care.

62. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

63. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

64. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

66. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

67. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8,11 & 12 - against defendants

69. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

71. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

72. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

73. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

74. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

76. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

77. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78. By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained bodily injuries with the accompanying pain.

79. The conduct of the defendants, as described herein, amounted to assault and battery.

80. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

81. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

82. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

83. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

84. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

86. Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the search, arrest, assault, detention and imprisonment by defendants.

87. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEW YORK CITY ADMINITRATIVE CODE §§ 8-802, 8-803) - against defendants

88. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting them and depriving the plaintiffs due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

90. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FOURTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City</u>

91. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

93. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

94. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

95. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

96. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

97. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
March 24, 2026

UGO UZOH, P.C.

By: Ugochukwu Uzoh
Ugochukwu Uzoh
Attorney for the Plaintiffs
56 Willoughby Street, Third Floor
Brooklyn, New York 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com